Núm. 71.—WHITE STAR BUS LINE, INC., Peticionaria v. CORTE DE DISTRITO DE SAN JUAN, dmdos.—Enero 28, 1938.

(Por la Corte, a propuesta del Juez Asociado Sr. Wolf).

Por CUANTO, la White Star Bus Line, Inc., presenta a esta corte

una petición de auto inhibitorio dirigido a la Corte de Distrito de San Juan, Hon. C. Llauger Díaz, Juez, demandada;

POR CUANTO, la Comisión de Servicio Público de Puerto Rico, en el "caso núm. J–3865, en el asunto de la Querella de la White Star Bus Line, Inc., contra varios porteadores públicos por vehículos de motor con capacidad autorizada no mayor de siete pasajeros", resolvió como sigue:

"RESUELVE Y ORDENA por la presente el que se enmiende la referida orden final dictada por la Comisión en 15 de octubre de 1932, según fué enmendada el 16 de marzo de 1935, de manera que quede redactada en la siguiente forma:

" 'SE ORDENA, ADEMÁS, y por la presente queda prohibido, a todo vehículo de motor que no hubiere sido previamente autorizado por esta Comisión, que actúe, sirva, funcione u opere como porteador público en el transporte de pasajeros por asiento, brindando, ofreciendo, prestando o rindiendo su servicio al público en general, entre los municipios de San Juan y Río Piedras o dentro de los municipios de San Juan o Río Piedras, o entre puntos intermedios. El hecho de que un vehículo de motor actúe como porteador público, transportando pasajeros por asiento, de un sitio a otro, entre los municipios de San Juan y Río Piedras, o entre puntos intermedios, constituirá prueba prima facie de una violación de las disposiciones de esta orden' '';

POR CUANTO, la jurisdicción para revisar resoluciones u órdenes de la Comisión de Servicio Público está investida exclusivamente en la Corte de Distrito de San Juan;

POR CUANTO, el día 21 de enero de 1938 Jaime Ortiz, Alejandro Salgado y Juan González, que fueron partes querelladas en las órdenes o resoluciones dictadas por la Comisión en 15 de octubre de 1932 y marzo 16, 1935, radicaron en la corte querellada una petición de apelación intentando revisar la resolución de enero 4, 1938;

POR CUANTO, la peticionaria ante esta corte entendió que la resolución aludida de enero 4, 1938, dictada por la Comisión, no era apelable porque no procedía apelar de una enmienda al reglamento de la Comisión, insistiendo en que la apelación es estatutaria y no cubierta por la Ley núm. 70 de 1917 (Leyes de ese año, pág. 433) y porque la apelación debió haberse tomado de la orden fechada marzo 16, 1935;

POR CUANTO, además de las admisiones, supra, hechas en su petición a esta corte, los autos demuestran que al tiempo de la resolución de 1935 los dueños de carros públicos se hicieron en general partes querelladas y por eso han quedado partes en el procedimiento;

POR CUANTO, la misma resolución de la Comisión de 4 de enero de 1938, por sus propios términos enmienda la orden final enmendada, dictada por la Comisión en marzo 16 de 1935, y por eso la de enero 4 debe considerarse, o como una enmienda a la de 1935, o como

una orden final enmendada, y no como una mera aclaración de la de 1935, como sugieren los peticionarios aquí;

Por cuanto, el artículo 78 de la citada ley dice:

"*Apelaciones a la corte de distrito—tramitación.*—Dentro de los treinta días después de archivada cualquier declaración o decisión por la Comisión o después de la fecha de haber sido notificada cualquier orden, a menos que estuviere pendiente una solicitud de nueva audiencia, y entonces dentro de los treinta días de haber sido denegada tal solicitud o de haberse dictado una orden modificando, enmendando, rescindiendo o confirmando la declaración, decisión. u orden original, cualquiera de las partes en el procedimiento afectada por ella, podrá apelar para ante la Corte de Distrito de San Juan, Sección Primera."

Por cuanto, la resolución apelada a la corte de distrito cae dentro de las palabras "una orden modificando, enmendando, rescindiendo o confirmando la declaración, decisión u orden original";

Por cuanto, debe entenderse que el artículo 78 es uno regulando y fijando cualesquiera apelaciones de las órdenes o resoluciones de la Comisión o enmiendas a las mismas; y

Por cuanto, aun si existieren algunas dudas de la jurisdicción de la corte de distrito, creemos que debe permitirse a ésta seguir entendiendo en el procedimiento:

Por tanto, *se declara sin lugar el auto inhibitorio solicitado.*

El Juez Asociado Sr. Córdova Dávila no intervino.